**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| MEDA PHARMACEUTICALS INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 07-407 (SLR) |
| | ) |
| SUN PHARMACEUTICAL INDUSTRIES LTD., | ) |
| | ) |
| | ) |
| Defendant. | ) |
| | ) |

**NOTICE OF SUBPOENA TO R. DUANE SOFIA, Ph.D.**

PLEASE TAKE NOTICE that, pursuant to Federal Rule of Civil Procedure 45, defendant has served the attached subpoena for deposition on R. Duane Sofia, Ph.D. at the office of Murphy & Landon or such other place as may be agreed on September 3, 2008 at 9:00AM or such other time as may be agreed.

        **MURPHY & LANDON**

        /s/ Francis J. Murphy
        Francis J. Murphy, DE I.D. No. 223
        1011 Centre Road, Suite 210
        Wilmington, Delaware  19805
        (302) 472-8103
        (302) 472-8135 (fax)
        fmurphy@msllaw.com
        **Attorneys for Defendant
        Sun Pharmaceutical Industries Ltd.**

*Of counsel:*

Keith D. Parr
Scott B. Feder
Alan B. Clement
Kevin M. Nelson
David B. Abramowitz
LOCKE LORD BISSELL & LIDDELL LLP
(312) 443-0261 (DBA)
(312) 896-6261 (DBA) (fax)
dabramowitz@lordbissell.com

**Attorneys for Defendant
Sun Pharmaceutical Industries Ltd.**

Dated: July 17, 2008

%AO88 (Rev. 12/07) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT
District of Delaware

| MEDA PHARMACEUTICALS INC. | SUBPOENA IN A CIVIL CASE |
|---|---|
| V. | |
| SUN PHARMACEUTICAL INDUSTRIES, LTD. | Case Number:[1] 07-407 (SLR) |

TO: R. Duane Sofia
82 Fairview Ave.
Lancaster, PA 17603-5543

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION  Murphy & Landon LLP  1011 Center Road, Suite 210, Wilmington, DE 19805 | DATE AND TIME  9/3/2008 9:00 am |
|---|---|

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)  Attorney for the Defendant | DATE  7/17/2008 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
David B. Abramowitz, Locke Lord Bissell & Liddell LLP, 111 South Wacker Drive, Chicago, IL 60606
(312) 443-0591

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/07) Subpoena in a Civil Case (Page 2)

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.
(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
(2) Command to Produce Materials or Permit Inspection.
(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
(3) Quashing or Modifying a Subpoena.
(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information;
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial
(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

(d) DUTIES IN RESPONDING TO A SUBPOENA.
(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) Claiming Privilege or Protection.
(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT.
The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MEDA PHARMACEUTICALS, INC., ) | |
| ) | C.A. No.: 07-407 SLR |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| SUN PHARMACEUTICAL INDUSTRIES ) | |
| LTD. ) | |
| ) | |
| Defendants. ) | |

**NOTICE OF SERVICE**

    I, Francis J. Murphy, hereby certify that on this 17th day of July, 2008, the following document, NOTICE OF SUBPOENA TO R. DUANE SOFIA, Ph.D., was electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following:

    Frederick L. Cottrell, III
    Kelly A. Farnan
    RICHARDS, LAYTON & FINGER P.A.
    One Rodney Square
    P.O. Box 551
    Wilmington, Delaware 19899
    cottrell@rlf.com
    farnan@rlf.com

    I, Francis J. Murphy, hereby certify that on this 17th day of July, 2008, I have mailed by United States Postal Service, the document(s) NOTICE OF SUBPOENA TO R. DUANE SOFIA, PH.D., to the following non-registered participants:

    John M. Desmaris
    Peter J. Armenio
    Anne S. Toker
    KIRKLAND & ELLIS LLP
    Citigroup Center
    153 East 53rd Street
    New York, New York 10022
    (212) 446-4800
    JDesmarais@kirkland.com
    PArmenio@kirkland.com
    AToker@kirkland.com

*Attorneys for Plaintiff*
*Meda Pharmaceuticals, Inc.*

                        **MURPHY & LANDON**

                        /s/Francis J. Murphy_____
                        Francis J. Murphy, DE I.D. No. 223
                        1011 Centre Road, Suite 210
                        Wilmington, Delaware  19805
                        Tel: (302) 472-8103
                        Fax: (302) 472-8135
                        fmurphy@msllaw.com
                        Attorneys for Defendant
                        Sun Pharmaceutical Industries Ltd.

*Of counsel:*
Keith D. Parr (*pro hac vice*)
Scott B. Feder (*pro hac vice*)
Kevin M. Nelson (*pro hac vice*)
David B. Abramowitz (*pro hac vice*)
LOCKE LORD BISSELL & LIDDELL LLP
(312) 443-0591 (DBA)
(312) 896-6591 (DBA) (fax)
dabramowitz@lockelord.com

Alan B. Clement
Locke Lord Bissell & Liddell LLP
885 Third Avenue, 26th Floor
New York, NY  10022
(212) 812-8318
(212) 947-1202 (fax)
aclement@lockelord.com

*Attorneys for Defendant*
*Sun Pharmaceutical Industries Ltd.*

2

153676