IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MEDA PHARMACEUTICALS INC., <br>     Plaintiff, <br><br>   v. <br><br> SUN PHARMACEUTICAL INDUSTRIES LTD., <br><br>     Defendant. | Civil Action No. 07-407-SLR |

## NOTICE OF DEPOSITION

**PLEASE TAKE NOTICE** that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Plaintiff Meda Pharmaceuticals Inc. ("Meda"), by and through its counsel, will take the deposition upon oral examination of Defendant Sun Pharmaceutical Industries Ltd. ("Sun") regarding the subject matter set forth in the attached Schedule A.

This deposition will begin at 9:00 a.m. on August 7, 2008 at the offices of Kirkland & Ellis LLP, 153 East 53rd Street, New York, New York 10022, pursuant to Federal Rule Of Civil Procedure 30(b)(6). This deposition upon oral examination will be conducted before an officer authorized to administer oaths pursuant to Rule 28 of the Federal Rules of Civil Procedure, and will continue from day to day until completed with such adjournments as to time and place as may be necessary. The testimony at the deposition will be recorded by stenographic and videographic means.

Meda serves this Notice without waiver of any objections it may have to deficiencies in Sun's document production and other discovery responses concerning the subject

1

matter of the instant Notice and reserves the right to continue this deposition as necessary in light of any subsequent document production by Sun.

In accordance with Rule 30(b)(6) of the Federal Rules of Civil Procedure, Sun shall designate one or more officers, directors, managing agents or other persons who consent to testify on their behalf as to each of the topics set forth in the attached Schedule A. Meda requests that Sun provide counsel for Meda with the identity and curriculum vitae of each of the individual(s) who will testify regarding each topic at least four days in advance of the deposition.

You are invited to attend and cross-examine the witness(es).

/s/ Kelly E. Farnan
Frederick L. Cottrell, III (#2555)
Kelly E. Farnan (#4395)
RICHARDS, LAYTON & FINGER P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700
cottrell@rlf.com
Farnan@rlf.com

*Attorneys for Plaintiff*
*Meda Pharmaceuticals Inc.*

OF COUNSEL:

John M. Desmarais
Peter J. Armenio
Anne S. Toker
KIRKLAND & ELLIS LLP
Citigroup Center
153 East 53rd Street
New York, New York 10022
(212) 446-4800

Dated: July 25, 2008

2

## SCHEDULE A

### Definitions and Instructions

1. The definitions set forth in Plaintiff's First Set of Requests For The Production Of Documents And Things are hereby incorporated by reference.

### Topics of Examination

1. The components of the Generic Product, including active ingredients, excipients and impurities.

2. To the extent not covered by Topic 1, the components of the azelastine hydrochloride used in the Generic Product, including active ingredients, excipients and impurities.

3. The synthesis of the azelastine hydrochloride to be used in the Generic Product, including the reactants, reactions and products at each step of the manufacturing process, and the synthesis flowpath, and the identity of all individuals, whether employees of Sun or third parties, having a role in the research, development or testing of such synthesis.

4. Any acquisition of Optivar® brand ophthalmic solution by Sun.

5. All testing of Optivar® brand ophthalmic solution by Sun.

6. All use of Optivar® brand ophthalmic solution by Sun in designing the Generic Product.

7. All manufacture and/or other acquisition of azelastine hydrochloride by or on behalf of Sun.

8. The research and development of the Generic Product, and the identity of all individuals, whether employees of Sun or third parties, having a role in the research, development or testing of the Generic Product.

9. Any effort by or on behalf of Sun to develop a novel, non-generic treatment for allergy-related or vasomotor-related conditions and accompanying symptoms, including the research and development of any novel, non-generic treatment for allergy-related or vasomotor-related conditions and accompanying symptoms, and the identity of all individuals, whether employees of Sun or third parties, having a role in the research, development or testing of any such novel, non-generic treatment for allergy-related or vasomotor-related conditions and accompanying symptoms.

10. The rationale underlying the decision to file ANDA 78-738.

11. Sun's rationale for selecting OPTIVAR® brand azelastine ophthalmic solution as the basis for a generic product to be developed by Sun, and each and every contribution and/or input that Sun, or any employee or agent of Sun, made to the decision to select OPTIVAR® brand azelastine ophthalmic solution as the basis for a generic product to be developed by Sun.

12. Sun's rationale for developing a generic antihistamine ophthalmic solution and each and every contribution and/or input that Sun, or any employee or agent of Sun, made to the decision to develop a generic antihistamine ophthalmic solution.

13. The content and regulatory approval status of ANDA 78-738, and any amendment thereto.

14. Any contact or communication that Sun or their agents have had with any current or former employee of Meda regarding azelastine hydrochloride ophthalmic solution or their work at Meda.

15. Each and every contribution and/or input that Sun, or any employee or agent of Sun, has made to the preparation, decision to file, filing and/or prosecution of ANDA

4

78-738, including: (a) any tests, analyses, studies or evaluations to generate data for inclusion in ANDA 78-738; (b) any information relating to regulatory procedures and strategies in the FDA relating to ANDA 78-738; (c) any information comprising, relating to or contained in the 21 U.S.C. § 355(j)(2)(A)(vii)(IV) certification submitted in connection with ANDA 78-738; and (d) any information comprising, relating to or contained in the statements of factual and legal basis for invalidity and/or noninfringement included with the notice of this certification.

16. Documents and things concerning the foregoing topics.

17. Persons knowledgeable about the foregoing topics.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 25, 2008, I electronically filed the foregoing with the Clerk of Court using CM/ECF and caused the same to be served on the defendant at the addresses and in the manner indicated below:

**BY US MAIL:**

Francis J. Murphy, Jr.
Murphy & Landon
1011 Centre Road, Suite 210
Wilmington, DE 19805

**BY FEDERAL EXPRESS:**

Keith D. Parr
Scott B. Feder
Kevin M. Nelson
David B. Abramowitz
Amanda K. Davis
Locke Lord Bissell & Liddell LLP
111 South Wacker Drive
Chicago, IL 60606

_____
Kelly E. Farnan (#4395)