IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MEDA PHARMACEUTICALS INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.   ) | C.A. No. 07-407 (SLR) |
| ) | |
| SUN PHARMACEUTICAL INDUSTRIES ) | |
| LTD., ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT SUN'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S AMENDED NOTICE OF DEPOSITION UNDER FED. R. CIV. P. 30(b)(6)**

Defendant Sun Pharmaceutical Industries Ltd ("Sun"), pursuant to Rules 26 and 30 of the Federal Rules of Civil Procedure, and the Local Civil Rules of the District of Delaware, hereby objects and responds to Meda Pharmaceutical, Inc.'s ("Meda") Amended Notice of Deposition under Fed. R. Civ. P. 30(b)(6) as follows.

General Objections

Sun objects to the statement in the Notice that the deposition will "continue from day to day until completed." Sun will provide its 30(b)(6) witness(es) to testify, subject to Sun's objections, at a mutually agreeable date, time and location. Each 30(b)(6) deposition shall begin at 9:00 a.m. local time and last no more than seven (7) hours. To the extent appropriate, Sun may consider scheduling additional time for further questions.

Sun's investigation into all of the facts and circumstances regarding this matter continues.

Sun objects to each subject matter to the extent it seeks to obtain information that is protected from discovery by an applicable immunity or privilege.

154245

Sun objects to each subject matter to the extent it seeks to obtain information not reasonably calculated to lead to the discovery of admissible evidence concerning a claim or defense in this case.

Sun objects to each subject matter to the extent it seeks to obtain information beyond matters known or reasonably available to Sun.

Sun objects to each subject matter to the extent it prematurely seeks expert testimony.

Nothing in Sun's responses should be construed as a waiver of any of Sun's rights or objections which otherwise might be available to Sun, nor should Sun's responses be deemed as an admission of relevancy, materiality or admissibility into evidence of the questions or responses thereto.

## SCHEDULE A

### Definitions and Instructions

1. The definitions set forth in Plaintiffs First Set of Requests For The Production Of Documents And Things are hereby incorporated by reference.

**RESPONSE:**

Sun objects to Meda's definition of "Sun" as overbroad. Sun will provide its 30(b)(6) witness(es) to testify on behalf of Sun Pharmaceutical Industries, Ltd. only.

Sun also objects to Meda's definition of "concerning" to the extent it imposes on Sun obligations that exceed its obligations under the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Delaware.

Sun further objects to these definitions to the extent they implicate confidential materials or information, or the attorney-client or work product privileges.

Sun objects to Meda's definition of "Generic Product" to the extent that it implies that the azelastine hydrochloride ophthalmic solution product that is the subject of ANDA No. 78-738

2

154245

has been priced, marketed, or made available for sale in such a way as to be defined as a generic product, as that term is generally understood in the pharmaceutical industry. The product that is the subject of ANDA No. 78-738 has not been made available for sale in the United States and therefore cannot be categorized as a generic product.

Sun also objects to Meda's definition of "document" as overbroad.

### Topics of Examination

1. The components of the Generic Product, including active ingredients, excipients and impurities.

   **RESPONSE:**

   In addition to its General Objections, Sun objects to this topic as overly broad, vague and ambiguous. Sun further objects to this topic to the extent that it seeks information not reasonably calculated to lead to the discovery of admissible evidence, including but not limited to impurities present in Sun's ophthalmic solution product that is the subject of ANDA No. 78-738. Subject to and without waiving these objections or any of the General Objections or Objections to Meda's Definitions set forth above, Sun will present Dr. Subhas Balaram Bhowmick to testify regarding this matter at the date and time agreed to by the parties.

2. To the extent not covered by Topic 1, the components of the azelastine hydrochloride used in the Generic Product, including active ingredients, excipients and impurities.

   **RESPONSE:**

   In addition to its General Objections, Sun objects to this topic as overly broad, vague and ambiguous. Sun further objects to this topic to the extent that it seeks information not reasonably calculated to lead to the discovery of admissible evidence, as the '194 patent does not contain claims directed to the compound azelastine hydrochloride or any of its chemical precursors,

154245

azelastine hydrochloride is an acid salt of the organic chemical azelastine that does not contain "component" parts and Sun's ANDA No. 78-738 references a DMF for azelastine hydrochloride held by Poli Industries, S.p.A. and not Sun. Subject to and without waiving these objections or any of the General Objections or Objections to Meda's Definitions set forth above, Sun will present Dr. Subhas Balaram Bhowmick to testify regarding this matter at the date and time agreed to by the parties.

        3.      The synthesis of the azelastine hydrochloride to be used in the Generic Product, including the reactants, reactions and products at each step of the manufacturing process, and the synthesis flowpath, and the identity of all individuals, whether employees of Sun or third parties, having a role in the research, development or testing of such synthesis.

**RESPONSE:**

In addition to its General Objections, Sun objects to this topic as overly broad, vague and ambiguous. Sun further objects to this topic to the extent that it seeks information not reasonably calculated to lead to the discovery of admissible evidence, as the '194 patent does not contain claims directed to the compound azelastine hydrochloride or any of its chemical precursors, claims directed to a process or method of producing azelastine hydrochloride, and Sun's ANDA No. 78-738 references a DMF for azelastine hydrochloride held by Poli Industries, S.p.A. and not Sun.

        4.      Any acquisition of OPTIVAR® brand ophthalmic solution or Astelin® brand nasal spray by Sun.

**RESPONSE:**

In addition to its General Objections, Sun objects to this topic as overly broad, vague and ambiguous. Sun also objects to the phrase "any acquisition" as indefinite. Sun further objects to this topic to the extent that it seeks information not reasonably calculated to lead to the discovery

4

of admissible evidence, including but not limited to "acquisition" by Sun of "Astelin® brand nasal spray" as Meda's Complaint claims infringement of the '194 patent by Sun's ophthalmic solution product that is the subject of ANDA No. 78-738, which is an ophthalmic preparation and not a nasal spray.  Subject to and without waiving these objections or any of the General Objections or Objections to Meda's Definitions set forth above, Sun will present Kirti Ganorkar to testify with respect to Sun's acquisition of OPTIVAR® brand ophthalmic solution at the date and time agreed to by the parties.

       5.      All testing of OPTIVAR® brand ophthalmic solution or Astelin® brand nasal spray by Sun.

**RESPONSE:**

In addition to its General Objections, Sun objects to this topic as overly broad, vague and ambiguous.  Sun also objects to the term "testing" as indefinite.  Sun further objects to this topic to the extent that it seeks information not reasonably calculated to lead to the discovery of admissible evidence, including but not limited to "testing" by Sun of "Astelin® brand nasal spray" as Meda's Complaint claims infringement of the '194 patent by Sun's ophthalmic solution product that is the subject of ANDA No. 78-738, which is an ophthalmic preparation and not a nasal spray.  Sun further objects to this topic to the extent that it seeks information protected by attorney-client privilege, work product immunity or other applicable privileges or immunities.  Subject to and without waiving these objections or any of the General Objections or Objections to Meda's Definitions set forth above, Sun will present Dr. Subhas Balaram Bhowmick to testify with respect to Sun's testing of OPTIVAR® brand ophthalmic solution.

       6.      All use of OPTIVAR® brand ophthalmic solution by Sun in designing the Generic Product.

**RESPONSE:**

In addition to its General Objections, Sun objects to this topic as overly broad, vague and ambiguous. Sun also objects to the term "use" as indefinite. Sun further objects to this topic to the extent that it seeks information protected by attorney-client privilege, work product immunity or other applicable privileges or immunities. Subject to and without waiving these objections or any of the General Objections or Objections to Meda's Definitions set forth above, Sun will present Dr. Subhas Balaram Bhowmick to testify regarding this matter at the date and time agreed to by the parties.

7. All use of ASTELIN® brand nasal spray by Sun in designing a proposed generic azelastine nasal spray.

**RESPONSE:**

In addition to its General Objections, Sun objects to this topic as overly broad, vague and ambiguous. Sun objects to the term "use" as indefinite. Sun further objects to this topic to the extent that it seeks information protected by attorney-client privilege, work product immunity or other applicable privileges or immunities. Sun further objects to this topic as seeking information not reasonably calculated to lead to the discovery of admissible evidence, as Meda's Complaint claims infringement of the '194 patent by Sun's ophthalmic solution product that is the subject of ANDA No. 78-738, which is an ophthalmic preparation and not a nasal spray.

8. All manufacture and/or other acquisition of azelastine hydrochloride by or on behalf of Sun.

**RESPONSE:**

In addition to its General Objections, Sun objects to this topic as overly broad, vague and ambiguous. Sun further objects to this topic to the extent that it seeks information not reasonably calculated to lead to the discovery of admissible evidence, as the '194 patent does not contain claims directed to the compound azelastine hydrochloride or any of its chemical precursors and

6

154245

Sun's ANDA No. 78-738 references a DMF for azelastine hydrochloride held by Poli Industries, S.p.A. and not Sun. Subject to and without waiving these objections or any of the General Objections or Objections to Meda's Definitions set forth above, Sun will present Kirti Ganorkar to testify with respect to Sun's acquisition of azelastine hydrochloride and Dr. Subhas Balaram Bhowmick with respect to manufacture of azelastine hydrochloride at the date and time agreed to by the parties.

9.      The research and development of the Generic Product, and the identity of all individuals, whether employees of Sun or third parties, having a role in the research, development or testing of the Generic Product.

**RESPONSE:**

In addition to its General Objections, Sun objects to this topic as overly broad, vague and ambiguous. Sun objects to the phrase "having a role" as indefinite. Sun further objects to this topic to the extent that it seeks information protected by attorney-client privilege, work product immunity or other applicable privileges or immunities. Subject to and without waiving these objections or any of the General Objections or Objections to Meda's Definitions set forth above, Sun will present Dr. Subhas Balaram Bhowmick to testify regarding this matter at the date and time agreed to by the parties.

10.     The research and development by Sun of a generic azelastine nasal spray product, and the identity of all individuals, whether employees of Sun or third parties, having a role in the research, development or testing of any such generic azelastine nasal spray product.

**RESPONSE:**

In addition to its General Objections, Sun objects to this topic as overly broad, vague and ambiguous. Sun further objects to this topic to the extent that it seeks information protected by attorney-client privilege, work product immunity or other applicable privileges or immunities.

154245

Sun also objects to the phrase "having a role" as indefinite.  Sun further objects to this topic as seeking information not reasonably calculated to lead to the discovery of admissible evidence, as Meda's Complaint claims infringement of the '194 patent by Sun's ophthalmic solution product that is the subject of ANDA No. 78-738, which is an ophthalmic preparation and not a nasal spray.

11. Any effort by or on behalf of Sun to develop a novel, non-generic treatment for allergy-related or vasomotor-related conditions and accompanying symptoms, including the research and development of any novel, non-generic treatment for allergy-related or vasomotor-related conditions and accompanying symptoms, and the identity of all individuals, whether employees of Sun or third parties, having a role in the research, development or testing of any such novel, non-generic treatment for allergy-related or vasomotor-related conditions and accompanying symptoms.

**RESPONSE:**

In addition to its General Objections, Sun objects to this topic as overly broad, vague and ambiguous.  Sun also objects to the term "novel" as indefinite.  Sun further objects to this topic as seeking information not reasonably calculated to lead to the discovery of admissible evidence, as "any effort by or on behalf of Sun to develop a novel, non-generic treatment for allergy-related or vasomotor-related conditions," is unrelated and irrelevant to the claims of patent infringement made in Meda's Complaint, namely infringement of the '194 patent by Sun's ophthalmic solution product that is the subject of ANDA No. 78-738.

12. The rationale underlying the decision to file ANDA 78-738.

**RESPONSE:**

In addition to its General Objections, Sun objects to this topic as overly broad, vague and ambiguous. Sun further objects to this topic to the extent that it seeks information protected by attorney-client privilege, work product immunity or other applicable privileges or immunities. Sun further objects to this topic to the extent it seeks irrelevant information and testimony that are not reasonably calculated to lead to the discovery of admissible evidence, since Sun has not asserted an advice of counsel defense to a charge of willful infringement. Sun further objects to this topics on the grounds that the mere filing of an ANDA, with or without a paragraph IV certification, cannot supply the basis for a finding of willful infringement. *Glaxo Group, Ltd. v. Apotex, Inc*. 376 F.3d 1339, 1350 (Fed. Cir. 2004). Sun further objects to this topic as premature in light of the Federal Circuit's opinion in *In re Seagate Technology, LLC*, 2007 U.S. App. LEXIS 19768 (Fed. Cir. August 20, 2007). Subject to and without waiving these objections or any of the General Objections or Objections to Meda's Definitions set forth above, Sun will present Kirti Ganorkar to testify with respect to this topic at the date and time agreed to by the parties.

13.     Sun's rationale for selecting OPTIVAR® brand azelastine ophthalmic solution as the basis for a generic product to be developed by Sun, and each and every contribution and/or input that Sun, or any employee or agent of Sun, made to the decision to select OPTIVAR® brand azelastine ophthalmic solution as the basis for a generic product to be developed by Sun.

**RESPONSE:**

In addition to its General Objections, Sun objects to this topic as overly broad, vague and ambiguous. Sun also objects to the phrase "contribution and/or input" as indefinite. Sun further objects to this topic to the extent that it seeks information protected by attorney-client privilege, work product immunity or other applicable privileges or immunities. Sun further objects to this topic to the extent it seeks irrelevant information and testimony that are not reasonably calculated

to lead to the discovery of admissible evidence, since Sun has not asserted an advice of counsel defense to a charge of willful infringement. Sun further objects to this topics on the grounds that the mere filing of an ANDA, with or without a paragraph IV certification, cannot supply the basis for a finding of willful infringement. *Glaxo Group, Ltd. v. Apotex, Inc*. 376 F.3d 1339, 1350 (Fed. Cir. 2004). Sun further objects to this topic as premature in light of the Federal Circuit's opinion in *In re Seagate Technology, LLC*, 2007 U.S. App. LEXIS 19768 (Fed. Cir. August 20, 2007). Subject to and without waiving these objections or any of the General Objections or Objections to Meda's Definitions set forth above, Sun will present Kirti Ganorkar to testify with respect to this topic at the date and time agreed to by the parties.

      14.    Sun's rationale for developing a generic antihistamine ophthalmic solution and each and every contribution and/or input that Sun, or any employee or agent of Sun, made to the decision to develop a generic antihistamine ophthalmic solution.

**RESPONSE:**

In addition to its General Objections, Sun objects to this topic as overly broad, vague and ambiguous. Sun also objects to the phrase "contribution and/or input" as indefinite. Sun further objects to this topic to the extent that it seeks information protected by attorney-client privilege, work product immunity or other applicable privileges or immunities. Sun further objects to this topic to the extent it seeks irrelevant information and testimony that are not reasonably calculated to lead to the discovery of admissible evidence, since Sun has not asserted an advice of counsel defense to a charge of willful infringement. Sun further objects to this topics on the grounds that the mere filing of an ANDA, with or without a paragraph IV certification, cannot supply the basis for a finding of willful infringement. *Glaxo Group, Ltd. v. Apotex, Inc*. 376 F.3d 1339, 1350 (Fed. Cir. 2004). Sun further objects to this topic as premature in light of the Federal Circuit's opinion in *In re Seagate Technology, LLC*, 2007 U.S. App. LEXIS 19768 (Fed. Cir. August 20, 2007). Subject to and without waiving these objections or any of the General

Objections or Objections to Meda's Definitions set forth above, Sun will present Kirti Ganorkar to testify with respect to this topic at the date and time agreed to by the parties.

15. The rationale underlying Sun's decision to file an ANDA seeking FDA approval to market a generic version of Astelin® brand nasal spray.

**RESPONSE:**

In addition to its General Objections, Sun objects to this topic as overly broad, vague and ambiguous. Sun further objects to this topic as seeking information not reasonably calculated to lead to the discovery of admissible evidence, as Meda's Complaint claims infringement of the '194 patent by Sun's ophthalmic solution product that is the subject of ANDA No. 78-738, which is an ophthalmic preparation and not a nasal spray.

16. Sun's rationale for selecting ASTELIN® brand azelastine nasal spray as the basis for a generic product to be developed by Sun, and each and every contribution and/or input that Sun, or any employee or agent of Sun, made to the decision to select ASTELIN® brand azelastine nasal spray as the basis for a generic product to be developed by Sun.

**RESPONSE:**

In addition to its General Objections, Sun objects to this topic as overly broad, vague and ambiguous. Sun also objects to the phrase "contribution and/or input" as indefinite. Sun further objects to this topic as seeking information not reasonably calculated to lead to the discovery of admissible evidence, as Meda's Complaint claims infringement of the '194 patent by Sun's ophthalmic solution product that is the subject of ANDA No. 78-738, which is an ophthalmic preparation and not a nasal spray.

154245

17. Sun's rationale for developing a generic antihistamine nasal spray and each and every contribution and/or input that Sun, or any employee or agent of Sun, made to the decision to develop a generic antihistamine nasal spray.

**RESPONSE:**

In addition to its General Objections, Sun objects to this topic as overly broad, vague and ambiguous. Sun also objects to the phrase "contribution and/or input" as indefinite. Sun further objects to this topic as seeking information not reasonably calculated to lead to the discovery of admissible evidence, as Meda's Complaint claims infringement of the '194 patent by Sun's ophthalmic solution product that is the subject of ANDA No. 78-738, which is an ophthalmic preparation and not a nasal spray.

18. The content and regulatory approval status of ANDA 78-738, and any amendment thereto.

**RESPONSE:**

In addition to its General Objections, Sun objects to this topic as overly broad, vague and ambiguous. Subject to and without waiving these objections or any of the General Objections or Objections to Meda's Definitions set forth above, Sun will present Mr. Vipul Doshi to testify regarding this matter at the date and time agreed to by the parties.

19. The content and regulatory approval status of any ANDA submitted by Sun to the U.S. Food and Drug Administration seeking approval of a generic azelastine nasal spray product.

**RESPONSE:**

In addition to its General Objections, Sun objects to this topic as overly broad, vague and ambiguous. Sun further objects to this topic as seeking information not reasonably calculated to lead to the discovery of admissible evidence, as Meda's Complaint claims infringement of the

'194 patent by Sun's ophthalmic solution product that is the subject of ANDA No. 78-738, which is an ophthalmic preparation and not a nasal spray.

20. Any contact or communication that Sun or their agents have had with any current or former employee of Meda regarding azelastine hydrochloride ophthalmic solution, azelastine hydrochloride nasal spray or the current or former employee's work at Meda.

**RESPONSE:**

In addition to its General Objections, Sun objects to this topic as overly broad, vague and ambiguous. Sun further objects to this topic to the extent that it seeks information not reasonably calculated to lead to the discovery of admissible evidence, including but not limited to "contact or communications" related to "azelastine hydrochloride nasal spray" as Meda's Complaint claims infringement of the '194 patent by Sun's ophthalmic solution product that is the subject of ANDA No. 78-738, which is an ophthalmic preparation and not a nasal spray. Sun further objects to this topic to the extent that it seeks information protected by attorney-client privilege, work product immunity or other applicable privileges or immunities. Subject to and without waiving these objections or any of the General Objections or Objections to Meda's Definitions set forth above, Sun will present Kirti Ganorkar to testify with respect to Sun's contact or communication with Meda or its current or former employees regarding azelastine hydrochloride ophthalmic solution or the current or former employee's work at Meda at the date and time agreed to by the parties.

21. Each and every contribution and/or input that Sun, or any employee or agent of Sun, has made to the preparation, decision to file, filing and/or prosecution of ANDA 78-738, including: (a) any tests, analyses, studies or evaluations to generate data for inclusion in ANDA 78-738; (b) any information relating to regulatory procedures and strategies in the FDA relating to ANDA 78-738; (c) any information comprising, relating to or contained in the 21 U.S.C. § 355(j)(2)(A)(vii)(IV) certification submitted in connection with ANDA 78-738; and (d)

13

any information comprising, relating to or contained in the statements of factual and legal basis for invalidity and/or noninfringement included with the notice of this certification.

**RESPONSE:**

In addition to its General Objections, Sun objects to this topic as overly broad, vague and ambiguous. Sun also objects to the phrases "contribution and/or input" and "tests, analyses, studies or evaluations" as indefinite. Sun further objects to this topic to the extent that it seeks information protected by attorney-client privilege, work product immunity or other applicable privileges or immunities. Sun further objects to this topic to the extent it seeks irrelevant information and testimony that are not reasonably calculated to lead to the discovery of admissible evidence, since Sun has not asserted an advice of counsel defense to a charge of willful infringement. Sun further objects to this topics on the grounds that the mere filing of an ANDA, with or without a paragraph IV certification, cannot supply the basis for a finding of willful infringement. *Glaxo Group, Ltd. v. Apotex, Inc*. 376 F.3d 1339, 1350 (Fed. Cir. 2004). Sun further objects to this topic as premature in light of the Federal Circuit's opinion in *In re Seagate Technology, LLC*, 2007 U.S. App. LEXIS 19768 (Fed. Cir. August 20, 2007). Subject to and without waiving these objections or any of the General Objections or Objections to Meda's Definitions set forth above, Sun will present Kirti Ganorkar to testify with respect to Sun's decision to file ANDA No. 78-738 and Mr. Vipul Doshi to testify with respect to "each and every contribution and/or input that Sun, or any employee or agent of Sun, has made to the preparation, [ ] filing and/or prosecution of ANDA 78-738, including: (a) any tests, analyses, studies or evaluations to generate data for inclusion in ANDA 78-738; (b) any information relating to regulatory procedures and strategies in the FDA relating to ANDA 78-738" at the dates and times agreed to by the parties.

      22.    Each and every contribution and/or input that Sun, or any employee or agent of Sun, has made to the preparation, decision to file, filing and/or prosecution of an ANDA seeking approval to market a generic azelastine nasal spray product, including: (a) any tests,

14

analyses, studies or evaluations to generate data for inclusion in such ANDA; (b) any information relating to regulatory procedures and strategies in the FDA relating to such ANDA; (c) any information comprising, relating to or contained in any final or draft 21 U.S.C. § 355(j)(2)(A)(vii)(IV) certification submitted or prepared in connection with such ANDA; and (d) any information comprising, relating to or contained in any final or draft statements of factual and legal basis for invalidity and/or noninfringement prepared or submitted in connection with such ANDA.

**RESPONSE:**

In addition to its General Objections, Sun objects to this topic as overly broad, vague and ambiguous. Sun also objects to the phrase "tests, analyses, studies or evaluations" as indefinite. Sun further objects to this topic as seeking information not reasonably calculated to lead to the discovery of admissible evidence, as Meda's Complaint claims infringement of the '194 patent by Sun's ophthalmic solution product that is the subject of ANDA No. 78-738, which is an ophthalmic preparation and not a nasal spray.

23. Documents and things concerning the foregoing topics.

**RESPONSE:**

In addition to its General Objections, Sun objects to this topic as overly broad, vague and ambiguous. Sun also incorporates its specific objections raised to each of the foregoing topics as if fully set forth herein. Subject to and without waiving these objections or any of the General Objections or Objections to Meda's Definitions set forth above, Sun will provide a witness to be identified at a later date to testify regarding documents and things related to the topics for which Sun has agreed to provide testimony, above, at the date and time agreed to by the parties to the extent the topic is not objected to above.

24. Persons knowledgeable about the foregoing topics.

15

154245

**RESPONSE:**

In addition to its General Objections, Sun objects to this topic as overly broad, vague and ambiguous. Sun also incorporates its specific objections raised to each of the foregoing topics as if fully set forth herein. Subject to and without waiving these objections or any of the General Objections or Objections to Meda's Definitions set forth above, Sun will provide a witness to be identified at a later date to testify regarding persons knowledgeable about the topics for which Sun has agreed to provide testimony, above, at the date and time agreed to by the parties to the extent the topic is not objected to above.

Dated: August 12, 2008

/s/ Francis J. Murphy
Francis J. Murphy, I.D. No. 223
MURPHY & LANDON
1011 Centre Road, Suite 210
Wilmington, Delaware  19805
(302) 472-8103
(302) 472-8135 (fax)
fmurphy@msllaw.com

**Attorneys for Defendant
Sun Pharmaceutical Industries Ltd.**

*Of counsel:*

Keith D. Parr
Scott B. Feder
Alan B. Clement
Kevin M. Nelson
David B. Abramowitz
LOCKE LORD BISSELL & LIDDELL LLP
(312) 443-0261 (DBA)
(312) 896-6261 (DBA) (fax)
dabramowitz@lordbissell.com

**Attorneys for Defendant
Sun Pharmaceutical Industries Ltd.**

154245

## CERTIFICATE OF SERVICE

      I, Francis J. Murphy, hereby certify that on this 12th day of August, 2008, I electronically filed DEFENDANT SUN'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S AMENDED NOTICE OF DEPOSITION UNDER FED. R. CIV. P. 30(b)(6) with the Clerk of Court using CM/CEF which will send notification of such filings(s) to the following:

Frederick L. Cottrell, III
Kelly E. Farnan
RICHARDS, LAYTON & FINGER P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
cottrell@rlf.com
Farnan@rlf.com

John M. Desmaris
Peter J. Armenio
Anne S. Toker
KIRKLAND & ELLIS LLP
Citigroup Center
153 East 53rd Street
New York, New York 10022

**Attorneys for Plaintiff**
**Meda Pharmaceuticals, Inc.**

                                        **MURPHY & LANDON**

                                        /s/ Francis J. Murphy
                                        Francis J. Murphy, I.D. No. 223
                                        1011 Centre Road, Suite 210
                                        Wilmington, Delaware  19805
                                        (302) 472-8103
                                        (302) 472-8135 (fax)
                                        fmurphy@msllaw.com

154245